UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARY A. MCKINZIE,

    Plaintiff,

v.                                            CASE NO.: 8:07-CV-2159-T-MAP

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____/

**ORDER**

      Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), the Plaintiff seeks judicial review of the Commissioner's final administrative decision denying her claim for a period of disability and Supplemental Security Income ("SSI"). The Plaintiff argues the Administrative Law Judge ("ALJ") erred because he did give great weight to a prior ALJ decision limiting Plaintiff to no repetitive use of arms or hands. Plaintiff also argues that the ALJ erred at step five of the process and should have found Plaintiff disabled. After considering the record, I find the ALJ did not err in his decision because Plaintiff's current application is based on a subsequent unadjudicated period; therefore, *res judicata* does not apply. Also, I find that the ALJ did not err in his determination that Plaintiff was not disabled and could perform jobs at a light level. Accordingly, the Commissioner's decision is affirmed.[1]

    *A. Background*

      Mary Ann McKinzie was born on April 22, 1951, and was fifty-four years old at the time of the last administrative hearing (R. 12, 48). Plaintiff has a tenth grade education (R. 12). Her

---

[1] The parties consented to my jurisdiction pursuant to 28 U.S.C. § 636(c). *See* doc. 12.

past work experience consisted of housecleaning and as a presser at a dry cleaners (R. 12, 423, 445). She claims disability commencing January 1, 1994, due to problems with her neck, back, shoulders, arms, wrists, and fingers; depression; anxiety; glaucoma; and high blood pressure (R. 12, 58).[2] Plaintiff previously filed SSI applications on September 7, 1994; January 8, 1998; and October 17, 2000, which the ALJ ultimately denied (R. 11). Appeals Council denied review on Plaintiff's last two applications (R. 11). Plaintiff filed her current application on October 16, 2002, alleging an onset date of January 1, 1994 (R. 48–51). However, at the administrative hearing, Plaintiff amended the onset date of her current application to October 16, 2002 (R. 416–417). After Plaintiff's most recent application for benefits was denied at the administrative level, the ALJ held a hearing and opined she was not disabled because she had a residual functional capacity to perform a range of light work (R. 19–20). The Plaintiff requested review by the Appeals Council, and the Appeals Council denied her request (R. 3–5). Hence, she has exhausted her administrative remedies and her case is ripe for review.

*B. Standard of Review*

To be entitled to SSI or disability insurance benefits, a claimant must be unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or

---

[2] The ALJ accurately reports Plaintiff's medical history, and I adopt that portion of his decision for purposes of this order (R.12–18).

psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520; 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a); 416.920(a). Under this process, the Commissioner must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment(s) (i.e., one that significantly limits his ability to perform work-related functions); (3) whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Part 404, Subpart P; (4) whether the claimant can perform his past relevant work; and (5) if the claimant cannot perform the tasks required of his prior work, the ALJ must decide if the claimant can do other work in the national economy in view of his age, education, and work experience. 20 C.F.R. § 404.1520. A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert,* 482 U.S. 137 (1987); 20 C.F.R. §§ 404.1520(f), 416.920(f).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389 (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. *See* 42 U.S.C. § 405(g); *Keeton v. Department of Health and Human Services*, 21 F.3d 1064 (11th Cir. 1994). The Court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the

evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Further, the Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066; *Jamison v. Bowen*, 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

### C. Discussion

#### 1. Failure to use findings in a prior decision

Plaintiff asserts the ALJ erred in failing to give great weight to a previous ALJ's findings that Plaintiff should not perform tasks requiring repetitive use of arms or hands (R. 455).[3] Specifically, she argues the ALJ should have given *res judicata* effect to a finding that she could not perform jobs requiring repetitive use of the arms or hands. She contends that the ALJ is bound by the findings of a previous ALJ unless there is evidence of improvement in her condition. While I agree with Plaintiff's argument that the ALJ can be bound by a previous ALJ decision, the cases cited for this proposition are readily distinguishable.

Plaintiff asserts that this Court should follow the holdings in *Drummond* and *Lively* that the ALJ is bound by the findings of a previous ALJ absent evidence of an improvement. *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997); *Lively v. Secretary of Health & Human Services.*, 820 F. 2d 1391 (4th Cir. 1987). However, these cases are distinguishable from the present case because they do not involve an unadjudicated period of alleged disability.

---

[3] The record does not contain a copy of the ALJ decision referenced above regarding a limitation of no repetitive use of arms or hands. The only discussion of the prior decision is contained in the hearing transcript.

In *Lively,* the ALJ found claimant, in his first application, not disabled and restricted him to light work. *Id*. Claimant subsequently filed his second application several weeks after the ALJ's denial of his first application. *Id*. at 1392. The only change in this short amount of time was his age — claimant was now fifty-years old. *Id*. In denying his second application, the ALJ found claimant not disabled and decreased his work restriction to medium. *Id*. The Fourth Circuit found it "utterly inconceivable that [Lively's] condition had so improved in two weeks as to enable him to perform medium work." *Id*. This case is distinguishable from *Lively* because in *Lively* the claimant's onset date did not change; therefore, Plaintiff's current application was for an unadjudicated period of time years after her previous application.

Like *Lively*, the *Drummond* opinion does not indicate that the Plaintiff altered her onset date in any applications. *Drummond*, 126 F.3d at 838–839. Additionally, *Drummond* is distinguishable from this case because the Plaintiff in *Drummond* provided evidence that her medical condition had worsened from her previous application, not improved or stayed the same. *Id*. at 843. In this case, there is no evidence that Plaintiff's condition worsened.

Plaintiff's altering of her onset date to October 16, 2002, created an unadjudicated period of alleged disability. To determine disability for a subsequent unadjudicated period, the SSA considers the facts and issues *de novo*. *See* Acquiescence Ruling (AR) 98-4(6). Therefore, the ALJ applied *res judicata* from the amended onset date, October 16, 2002 (R. 11, 416–417). The ALJ based its decision on SSA policy which states that if a decision on a disability claim has become final, then the ALJ may apply *res judicata* to the subsequent disability claim under the same title of the Act if the same parties, facts, and issues are involved in both the prior and subsequent claims. *See* Acquiescence Ruling (AR) 98-4(6). Here, the same parties, facts, and issues are

present in the prior and subsequent claims, and the period of time covered in the current application is unadjudicated; therefore, the ALJ does not have to apply *res judicata* to the prior findings. *See Reynolds v. Bowen,* 844 F.2d 451, 453–454 (7th Cir. 1988) (holding that the ALJ should not consider previous SSI applications if the onset date of the latest application was after the initial denial date).

Moreover, given that the ALJ reviewed the application from the onset date of October 16, 2002, there is substantial evidence that supports his findings that Plaintiff could perform light work with additional exertional/non-exertional limitations. The medical evidence, specifically Dr. Alexis Henderson's evaluation, supports the ALJ's findings regarding Plaintiff's limitations. On March 3, 2003, Dr. Henderson evaluated Plaintiff relating to her current application for SSI (R. 161). Dr. Henderson found that Plaintiff did not demonstrate functional impairment for sitting, hearing, or speaking (R. 163). Additionally, Dr. Henderson concluded that Plaintiff did not have difficulty with her memory, concentration, fine manipulation, or following instructions (R. 163). I find, given the medical evidence discussed above for the unadjudicated time period covered by Plaintiff's current application, there is substantial evidence to support the ALJ's findings, and that the ALJ was not bound to follow the limitation of no repetitive use of arms or hands from a previously adjudicated time frame.

   2. *Questioning classification in light of vocational expert testimony*

Plaintiff asserts the ALJ erred in determining that she could perform light work and argues the ALJ should have found her disabled. Specifically, she bases her allegation on the testimony of the VE, Allen Freeman, at the administrative hearing. The vocational expert testified that the fundraiser job was designated as light by the DOT; however, in his opinion it was "pretty

sedentary" (R. 454). The ALJ found Plaintiff disabled at the light level, not the sedentary level. Therefore, the VE's testimony that the fundraiser job was "pretty sedentary" does not alter the ALJ's finding that Plaintiff could perform light work, including the job of fundraiser.

Moreover, in his decision, the ALJ stated examples of various light jobs he believed Plaintiff could perform, including fundraiser II, assembly production, or small products bench assembly worker (R. 19). The VE testified that the Plaintiff could perform jobs, given a hypothetical based on Dr. Henderson's report of Plaintiff's condition (R. 448–449). Plaintiff argues she could not perform these jobs due to her additional restriction to no repetitive use of arms or hands. However, the ALJ did not find a limitation regarding repetitive use of arms or hands for the time frame at issue in the Plaintiff's current application (R. 18), and therefore he did not need to question the VE about this alleged limitation. *See Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1996); *McSwain v. Bowen*, 814 F.2d 617, 620 n.1 (11th Cir. 1987) (holding that the ALJ is not required to include limitations found not credible, and submits to expert only those supported by objective evidence of record). Accordingly, I find the ALJ properly determined Plaintiff could perform light work and his decision is supported by substantial evidence.

*D. Conclusion*

For the reasons stated, it is hereby

ORDERED:

1. The Commissioner's decision is affirmed.

7

2. The Clerk is directed to enter judgment for the Defendant.

DONE AND ORDERED at Tampa, Florida on March 12, 2009.

/s/ Mark A. Pizzo
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE